UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JAMES E. JACOBSON, JR., individually,

Plaintiff,

v.

STATE OF OREGON; OREGON HOUSING
& COMMUNITY SERVICES
DEPARTMENT (OHCS); ANDREW BELL,
in her official capacity as Executive Director
of OHCS; and CARL RICCADONNA, in his
official capacity as State Economist,

Defendant.

Case No. 3:25-cv-01303-AR

**OPINION AND ORDER**

---

**ARMISTEAD, United States Magistrate Judge**

The court considers three motions filed by self-represented plaintiff James Jacobson.

Defendants moved to dismiss Jacobson's First Amended Complaint (FAC) for failure to state a

claim and lack of jurisdiction on February 3, 2026. (ECF 18.) The parties agreed to a briefing

schedule at the outset of this case (ECF 15), but Jacobson did not respond by the stipulated

Page 1 – OPINION AND ORDER
*Jacobson v. State of Oregon*, *et al.*, 3:25-cv-01303-AR

deadline. On March 27, 2026, over a month after his response was due, Jacobson moved for leave to file a late response, attributing his failure to respond to excusable neglect. (Mot. Leave File Resp., ECF 23.) In that motion, Jacobson says that he did not know of the deadline because of circumstances outside of his control—mainly disruptions to his mail service and his email— and maintains that he did not receive "effective notice" of the court's scheduling order. (Mot. Leave File Resp. at 3.) Jacobson submitted that he was prepared to file a response by March 30, 2026. (*Id.* at 4.) However, on March 30, before the court was able to rule, Jacobson moved for leave to file his Second Amended Complaint (SAC). (Mot. Leave Am., ECF 25.) That motion was followed by a separate motion to "amend/correct" his proposed SAC. (ECF 26.) Defendants oppose the three motions. (ECF 28.)

## LEGAL STANDARD

After the opportunity to amend once as a matter of course has passed, a party may only amend its pleading after obtaining leave of the court, or by consent of the adverse party. FED. R. CIV. P. 15(a). Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." The Ninth Circuit applies this rule with "extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003). Generally, the court must grant leave to amend unless one or more of the following factors is present: undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice, or futility, with prejudice being the most important factor. *Id.* (citing *Foman v. Davis*, 371 U.S. 178 (1962)). Absent prejudice, or a strong showing of any of the other factors, there is a presumption in favor of granting leave to amend. *Id.* at 1052.

## DISCUSSION

Defendants first argue that Jacobson has repeatedly tried to cure the deficiencies in his complaint. (Defs.'s Resp. at 6-7.) But Jacobson submitted his FAC only after the court had screened his original complaint—a standard procedure for plaintiffs proceeding *in forma pauperis*. In its Order to Amend, the court alerted Jacobson to several deficiencies, most of which he addressed in his FAC. Other deficiencies, not discussed in the court's order, may still be present in Jacobson's FAC. Absent a strong showing of one of the other *Foman* factors, it is in the interest of justice to permit Jacobson to state his claims with "more precision," as he attempts to do in his proposed SAC. *Howard v. Finander*, CV 15-1317-PA (SP), 2017 WL 10543342, at *3 (C.D. Cal. Mar. 27, 2017) (despite pending motion to dismiss, pro se plaintiff's first amended complaint submitted in response to the court's screening order did not weigh against granting leave to amend).

Defendants also assert that permitting Jacobson to amend his complaint would be futile. (Defs.'s Resp. at 7-8.) Denial of leave to amend on futility grounds is "rare." *Cesario v. Biocept, Inc.*, 23-CV-1803-WQH-BLM, 2025 WL 525120, at *38 (S.D. Cal. Feb. 18, 2025). Rarer still where a plaintiff files a proposed amended complaint without the benefit of the court's ruling on the pending complaint. *See, e.g.*, *id.*; *A.H. v. Sacramento Cnty. Dep't Child, Fam. & Adult Servs.*, 2:21-cv-00690-KJM-JDP, 2022 WL 2757665, at *3 (E.D. Cal. July 14, 2022) (noting that although the plaintiffs' proposed amended complaint did not "cure the deficiencies identified in [the court's] order, the plaintiffs prepared it without the benefit of the court's ruling on the [pending] complaint," so the court could not "exclude the possibility that the plaintiffs could state at least one viable claim").

Page 3 – OPINION AND ORDER
*Jacobson v. State of Oregon*, et al., 3:25-cv-01303-AR

Here, amendment is not entirely futile. By dropping the state officials who were likely immune from suit in his proposed SAC, Jacobson addresses at least one of the jurisdictional issues identified by defendants in their motion. As to defendants' argument that Jacobson has failed to state a claim, the court cannot say yet with certainty that further amendment is futile. Jacobson filed his proposed SAC without the guidance of court's ruling, and the court has an obligation to provide self-represented plaintiffs with a meaningful opportunity to plead their case. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014). ("[T]he rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant. Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel."). The court declines to deny leave to amend on futility grounds.

Defendants do not raise any prejudice arguments. The court will note that Jacobson's failure to timely respond to the motion to dismiss does result in some inconvenience to defendants. But that inconvenience does not rise to undue prejudice. This case is still in the early stages. Jacobson's delay had little effect on the proceedings and there is no evidence of bad faith or dilatory motive. If Jacobson had not moved to amend, the court would have found good cause for extending his deadline to respond. FED. R. CIV. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect."); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (setting forth the factors for excusable neglect).

Page 4 – OPINION AND ORDER
*Jacobson v. State of Oregon, et al.*, 3:25-cv-01303-AR

Likewise, any prejudice that may result from granting leave to amend "is generally mitigated where the case is still in the discovery stage, no trial date is pending and no pretrial conference has occurred." *Calderon v. Tulare Reg'l Med. Ctr.*, 1:17-cv-0040-BAM, 2018 WL 4473626, at *5 (E.D. Cal. Sept. 17, 2018). That is the case here. And because defendants have already addressed several of the alleged deficiencies in Jacobson's FAC, any time and resources it will take to restate their position should be minimal.

### CONCLUSION

Given the Ninth Circuit's presumption in favor of amendment under Rule 15 and defendants' failure to carry their burden regarding prejudice or any other *Foman* factors, Jacobson's motions for leave to amend (ECFs 25, 26) are GRANTED. Defendants' pending motion to dismiss (ECF 18) is therefore MOOT and must be DENIED with leave to refile. Jacobson's motion for leave to file a late response (ECF 23) is also DENIED as MOOT. Jacobson must file a clean copy of his Second Amended Complaint by **May 21, 2026.** Jacobson is reminded that, despite being self-represented, he is bound by the Federal Rules of Civil Procedure and the local rules. The court cautions against repeated attempts at amendment, failure to comply with court orders, including court-ordered deadlines, and failure to properly confer in accordance with the local rules, all of which could result in sanctions, including dismissal with prejudice and without leave to amend.

DATED: May 11, 2026

_____
JEFF ARMISTEAD
United States Magistrate Judge

Page 5 – OPINION AND ORDER
*Jacobson v. State of Oregon*, et al., 3:25-cv-01303-AR